

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

March 17, 1971

Senator Joe Christie, Chairman          Opinion No. M-814
State Senate Nominations Committee
State Capitol                           Re:  Amending term of
Austin, Texas   78711                        office of Rio
                                             Grande Compact
                                             Commissioner from
Dear Senator Christie:                       two to six years.

Your request for our opinion concerning proposed legislation propounds one question:

"Can the term of office of the Rio Grande Compact Commissioner lawfully be extended from two years to six years?"

The Rio Grande Compact entered into between the States of Colorado, New Mexico and Texas, and the United States was ratified by Texas on March 18, 1938 (Acts 1939, 46th Leg., Spec. L., p. 531). Complementary Laws: U.S.-Public No. 96, May 31, 1939, Ch. 155, 53 Stat. 785; Colorado-Laws 1939, Ch. 146; New Mexico-Law 1939, Ch. 33, p. 59. The Compact is codified as Article 7466e-1, Vernon's Civil Statutes.

Article XII of the Compact provides that the Texas Commissioner shall be appointed by the Governor of Texas. The State Engineers for the other two States serve as respective Compact Commissioners. No limitation of term is provided in the original Compact. Section 2 of Article 7466e-1, Vernon's Civil Statutes, provides that the Texas Commissioner shall hold office for two years and until his successor is appointed and qualified.

You have further advised us that the purpose of the proposed legislation is to give more continuity and stability to the Texas representative on the Rio Grande Compact for the best interests of the people of Texas, and that in the case of the Texas Commissioner, that he also administers an area of the Rio Grande in New Mexico above El Paso up to and including Elephant Butte.

-3947-

As precedent, in 1961, the Legislature of Texas amended the terms of office on the Sabine River Compact from two to six years. Acts 1961, 57th Leg., p. 31, Ch. 19, Sec. 1 and 2, and at p. 381, Ch. 192, Sec. 1, Art. 7466i. In that Compact, the basic document required amendment because the two year term was originally written into Article VII thereof.

The basic question is: Does the Rio Grande Compact Commissioner for Texas come within the restriction of Article XVI, Section 30 of the Texas Constitution? It is our opinion that he does not, because of the legal effect of the Rio Grande Compact. Whenever, by the agreement of two or more concerned States with the consent of Congress, an interstate compact is created, it has the same effect as a treaty between sovereign powers. Boundaries established by compact become binding upon all citizens of the signatory states. Poole v. Fleeger, 11 Pet. 185, 209 (1837); Rhode Island v. Massachusetts, 12 Pet. 657, 725 (1838). Private water rights become affected without judicial determinations on an interstate stream by compact. Hinderlider v. La Plata Co., 304 U.S. 92, 104, 106 (1938). Congress has authority to compel compliance with such compact. Virginia v. West Virginia, 246 U.S. 565, 601 (1918). Final construction of a party state's Constitution rests in the U. S. Supreme Court. Dyer v. Sims, 341 U.S. 22 (1951).

Compacting states in effect surrender a portion of their sovereignty. Henderson v. Deleware River Joint Toll Bridge Comm., et al, 66 A 2d 843 (Sup. Ct. Pa. 1949); Deleware River and Bay Authority v. Carello, 222 A 2d 794 (Del. 1966); 34 Yale Law Journal 685, "The Compact Clause of the Constitution." Therefore, state constitutional restriction on terms of intrastate officials would not control terms of interstate officials.

However, certain intrastate officers have been held not to be within the class covered by Section 30 of Article XVI, e.g. an attorney at law. Ex Parte Williams, 20 S.W. 580 (Tex. Crim. App. 1892); members of the Civil Judicial Council and presiding Judges of an Administrative District. Atty. Genl. Opin. Nos. M-305 (1968) and M-505 (1969).

The Rio Grande Compact Commissioner, representing Texas on an interstate stream, and further administering the stream within and without the State of Texas, is not the type of state official within the prohibition of Article XVI, Section 30, Texas Constitution, and therefore, the Texas Legislature may provide for his term in excess of two years. Article XVI, Section 30a.

Article 7466e-1, Vernon's Civil Statutes, as well as Section 41.004, Title 3, Chapter 41 of S.B. 260 and H.B. 343, should be appropriately amended to accomplish this purpose.

### S U M M A R Y

The term of office of the Texas Rio Grande Compact Commissioner may be extended beyond two years. Sections 30 and 30a of Article XVI, Texas Constitution, do not cover this type of office.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

By NOLA WHITE
First Assistant

Prepared by Vince Taylor
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Sen. Joe Christie, Chairman, page 4. (M-814)


Jim Swearingen
Malcom Smith
Roger Tyler
J. C. Davis

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant